UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STARR INDEMNITY &
LIABILITY COMPANY, as
Subrogee of UYTSAIFLY 800XP,
LLC,

      Plaintiff,

v.                                 Case No: 2:21-cv-746-SPC-NPM

STANDARD AERO (SAN
ANTONIO), INC. and
STANDARD AERO
(ALLIANCE), INC.,

      Defendants.
                                  /

## **ORDER**[1]

    Before the Court is a sua sponte review of the Complaint (Doc. 1). Plaintiff Starr Indemnity & Liability Company filed this subrogation action as subrogee of UYTSAIFLY 800XP, LLC. Yet Starr failed to establish diversity, so the Complaint is dismissed.

    Federal courts have limited jurisdiction. And they are "obligated to inquire into subject matter jurisdiction sua sponte when it may be lacking."

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

*Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). State-law claims can be filed in federal court under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties are citizens of different states. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). For diversity purposes, corporations are citizens of all states where they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1).

The typical citizenship analysis might be complicated by the fact Starr is subrogee of UYTSAIFLY. Generally, however, "If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name." *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949). As alleged, Starr (1) paid the entire loss, (2) is the real party in interest, and (3) sues in its own name. *See* Fed. R. Civ. P. 17(a). So its citizenship is relevant. 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1556 (3d ed. 2021 update) ("The general rule is that the citizenship of the real party in interest is determinative in deciding whether diversity jurisdiction exists").

Starr is a Texas corporation with a New York principal place of business—making Starr a citizen of Texas and New York. Defendant Standard Aero (San Antonio), Inc. is a Delaware corporation with a Texas principal place of business—making San Antonio a citizen of Delaware and Texas. Because Starr is not diverse from San Antonio, there is not complete diversity. *Am.*

*Tobacco*, 168 F.3d at 412 ("Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants."). In other words, there is no federal subject-matter jurisdiction over this action. So the Court dismisses with leave to amend. *See* 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Plaintiff may file an amended complaint **on or before October 15, 2021**. **Failure to do so will result in the Court closing this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 8, 2021.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record